UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

E.S., individually and on behalf of
M.S. and N.S., children with disabilities,

                *Plaintiff,*

  -against-

NEW YORK CITY
DEPARTMENT OF EDUCATION,

                *Defendant.*

~~PROPOSED~~ **SECOND
INFANT COMPROMISE ORDER**

Case No. 1:21-cv-9038-JPC

---

      Plaintiff E.S. and Defendant New York City Department of Education ("DOE") (together, the "Parties"), having agreed to seek a Stipulation and Order of settlement of the remaining claims—specifically, as to the First and Fourth Causes of Action—have also sought approval to complete the same before this Court, specifically as to E.S. on behalf of M.S. and N.S., her children with disabilities.

      Local Civil Rule 83.2(a)(1) requires parties to obtain court approval before settling an action (or, as here, claims thereof) on behalf of a minor child. In determining whether an infant compromise should be approved, the reviewing court "shall conform, as nearly as may be, to the New York State statutes and rules." Local Civil R. 83.2(a)(1). In accordance with the applicable New York statutes and rules, courts in this jurisdiction focus on "whether (1) the proposed settlement is in the infant's best interests; and (2) the proposed attorney's fees and costs are reasonable." *D.J. ex rel. Roberts v. City of New York*, 11- cv-5458, 2012 WL 5431034, at *2 (S.D.N.Y. Oct. 16, 2012), *report and recommendation adopted sub nom., Roberts v. City of New*

*York*, 2012 WL 5429521 (S.D.N.Y. Nov. 7, 2012) (citing Local Civil R. 83.2(a); N.Y. Jud. Law § 474; N.Y. C.P.L.R. §§ 1205–1208).

"There is a strong presumption that a settlement is fair and reasonable where '(i) the settlement is not collusive but was reached after arm's length negotiation; (ii) the proponents have counsel experienced in similar cases; [and] (iii) there has been sufficient discovery to enable counsel to act intelligently.'" *Campbell v. City of New York*, 15-cv-2088, 2015 WL 7019831, at *2 (S.D.N.Y. Nov. 10, 2015) (quoting *Orlandi ex rel. Colon v. Navistar Leasing Co.*, 09-cv-4855, 2011 WL 3874870, at *2 (S.D.N.Y. Sept. 2, 2011)).

Having reviewed all of the documents submitted by the parties, the Court finds that the proposed settlement is in the best interest of M.S. and N.S. and that the proposed agreements, services, fees, and costs addressed are reasonable; and therefore, it is hereby SO ORDERED.

_____
JOHN P. CRONAN
United States District Judge

Dated: November 1, 2022
New York, New York